UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20101-CR-MOORE/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRANDON A. TERRY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    The Honorable K. Michael Moore referred this matter to me to conduct a change of plea hearing for the Defendant BRANDON A. TERRY. [DE 65]. I held that hearing on April 23, 2014, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

    1.    At the outset of the hearing, I told the Defendant of his right to have these proceedings conducted by the Judge Moore, the presiding District Court Judge. I also advised the Defendant that Judge Moore would sentence the Defendant, and make all findings and rulings concerning the Defendant's sentence.

    2.    The Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Moore. The Defendant, the Defendant's attorney, and the Assistant United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3.      I conducted the plea colloquy with the Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.      The parties entered into a written plea agreement and had that document with them at the hearing; the plea agreement was thereafter filed with the Court. [DE 72]. I reviewed that plea agreement on the record and the Defendant acknowledged that he carefully read that agreement, signed it, and agreed to its terms. Pursuant to that agreement, the Defendant pleaded guilty to Counts 1, 2, and 4 of the Indictment [DE 3]: Count 1 charges the Defendant with conspiracy to defraud the government, in violation of Title 18, United States Code, Section 286; Count 2 charges the Defendant with possession of fifteen or more access devices, in violation of Title 18, United States Code, Section 1029(a)(3); and Count 4 charges the Defendant with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.

5.      The parties also agreed to a written factual proffer, and had that document with them at the hearing.  This too was later filed with the Court. [DE 73].  The Defendant said that he read that factual proffer, and agreed to its accuracy; he also confirmed that he signed it.  Government counsel stated a factual basis for the entry of the Defendant's guilty plea, and identified all of the essential elements of the offense to which the Defendant pleaded guilty, including any sentencing enhancements and/or aggravating factors that may be applicable.  The Defendant also explained in his own words, how he committed the crime charged in Counts 1, 2, and 4 of the Indictment.  I found that a factual basis exists for the

Defendant's plea of guilty. The Defendant was also advised of the statutory maximum penalties. The Defendant acknowledged that he understood these possible penalties, including the maximum 10-year period of imprisonment as to Counts 1 and 2, and the mandatory, consecutive, 2-year period of imprisonment as to Count 4.

6. Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that the Defendant was competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings, and adjudicate the Defendant guilty of the offense charged.

7. The U.S. Probation Office will prepare a pre-sentence investigation report, and the Defendant was advised that his **sentencing has been scheduled for July 10, 2014, at 2:00 P.M., before the Honorable K. Michael Moore, at the Wilkie D. Ferguson, Jr., United States Courthouse, 400 North Miami Avenue, Courtroom 13-1, Miami, Florida**.

Accordingly, I **RECOMMEND** that the Court accept the Defendant's plea of guilty, adjudicate the Defendant guilty of the offenses charged in Counts 1, 2, and 4 of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore. Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Court Judge and

the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2); *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**RESPECTFULLY RECOMMENDED** this 24th day of April, 2014, at Miami, Florida.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable K. Michael Moore
      Counsel of record